# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

**Fort Myers Division**

CASE NO. _____

JURY TRIAL DEMANDED

Karley Stokes, an individual

    Plaintiff,

vs.

Linda Green, an Individual,

Defendant.

_____/

# **COMPLAINT**

(Injunctive Relief Requested)

Plaintiff Karley Stokes, an individual ("Plaintiff" or "Stokes"), by and through her undersigned attorney, submits this Complaint against Defendant Linda Green ("Defendant" or "Green"), an individual, and in support thereof, avers as follows:

## **JURISDICTION AND VENUE**

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). In addition, this

Court has supplemental jurisdiction over certain state law claims herein pursuant to 28 U.S.C. § 1367(a).

## PARTIES AND VENUE

2. Plaintiff is an individual, and she was at all times relevant hereto a resident of Lee County, Florida, residing at 18220 Wildblue Blvd., Fort Myers, FL 33913

3. Defendant is an individual, and, upon information and belief, was at all times relevant hereto a resident of Lee County, Florida, residing at 6891 Estero Blvd #304, Fort Myers Beach, FL 33913.

4. Jurisdiction and venue are appropriate in this Court because:

(a) All parties herein are residents of Lee County and are otherwise *sui juris*;

(b) All events that give rise to this Complaint were initiated and/or occurred in Lee County.

## FACTS

5. In or about 2020, Stokes and Green entered into an oral agreement ("Agreement"), the terms of which were subsequently reflected in texts and other written messages as attached hereto in Exhibits "A" through "D", which are incorporated herein by this reference. The Agreement was entered into for the purpose

of creating and distributing content on a "Content Creator's platform" known as "OnlyFans", accessible at www.onlyfans.com.

6. OnlyFans is a monetizable platform that allows for content creators to interact with "fans" (*i.e.*, subscribers and others who want access to a particular creator's material) and earn revenue from paid monthly subscriptions, posts, messages, "tips", live streaming, and fundraising.

7. The Agreement provided that, in consideration for Stokes' provision of her original authored content and certain services to two of Green's OnlyFans "pages", Stokes would earn twenty percent (20%) of the profit derived from Green's solo channel, @Ellehotmom ("Ellehotmom"), plus fifty-two hundred USD ($5,200.00) per month for full-time messaging with fans. Additionally, Plaintiff would earn seventy percent (70%) of the profit derived from Plaintiff and Defendant's joint page, @Mom&Me ("Mom&Me"). *See* Composite Exhibit "A." attached hereto and incorporated herein by this reference.

8. Both channels became exceptionally profitable, earning five to six figures in revenue per month since 2021. *See* Composite Exhibit "A."

9. However, starting July 1, 2022, Green has failed, without cause or reason, to make any monthly payments of Plaintiff's seventy percent (70%) share from @Mom&Me, Plaintiff's twenty percent (20%) share from @Ellehotmom, and

3

Plaintiff's fifty-two hundred USD ($5,200.00) per month rate for full time messaging with fans.

10. Green has ignored repeated attempts by Stokes to recover profits rightfully owed to Stokes, including but not limited to written demands by the undersigned attorney.

11. From January through May 2022, Stokes' average monthly revenue from her 70% share was sixty thousand, eight hundred seventy-five dollars and forty-four cents ($60,875.44). During that same time-frame, Stokes' average monthly revenue from her 20% share was twelve-thousand, eight hundred thirty-nine dollars and eighty-two cents ($12,839.82).

12. Stokes created, acted, and modeled using her own equipment and image to record her original content, which was then used by Green as content for purchase or to promote content for purchase, subscriptions, and tips. After several unsuccessful attempts to collect her rightful share of revenue from Green, Plaintiff requested, and Defendant orally agreed, to refrain from using any content that Plaintiff created or appeared in going forward.

13. Despite said commitment to remove Plaintiff's material, and with full knowledge of Stokes' disapproval, Green has continued to exploit and monetize Plaintiff's name, image, and likeness (using content Stokes rightfully owns) on Green's

4

solo channel, Ellehotmom. Green, without cause or reason, has failed to compensate Plaintiff for use of Plaintiff's content on that solo channel. See Exhibit "B."

14. In late September 2022, Plaintiff accordingly submitted a valid DMCA notice to the OnlyFans platform to terminate Defendant's solo account, Ellehotmom, for infringing on Plaintiff's rights. See Exhibit "C."

15. Defendant filed a DMCA Counter-Notification on September 29, 2022, requiring Plaintiff to file this Complaint or continue to see her copyrights and personality rights exploited and her share unlawfully retained by the Defendant. See Exhibit "D.

## COUNT I

(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT LINDA GREEN)

16. Paragraphs 1-15 above are incorporated in this Count I as if fully re-alleged herein.

17. Plaintiff Stokes is the author and owner of the original material created by Plaintiff and used by Defendant to realize revenue from the OnlyFans pages known as "@Mom&Me" and "@Ellehotmom" (the "OnlyFans Pages").

18. By oral agreement between Stokes and Green, Green was licensed to include Plaintiff's original authored material on the OnlyFans Pages only on condition that Green pay over to Plaintiff seventy percent (70%) of revenues generated by the

5

"@Mom&Me" page and Twenty Percent (20%) of revenues generated by the "@Ellehotmom" page.

19. Notwithstanding this restriction on the license between the parties, Defendant has withheld from Plaintiff her rightful share of revenue and has failed and refused to pay the contractually required funds to Plaintiff subsequent to June 2022.

20. Accordingly, subsequent to June 2022, Defendant has infringed Plaintiff's rights as the author and owner of such material.

21. Plaintiff is further entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

22. As a result of Green's acts and conduct and her refusal to account to Stokes for Stokes' share of revenue from the OnlyFans Pages, Stokes has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Stokes is informed and believes, and on that basis avers, that unless enjoined by this Court, Green will continue to infringe Stokes' rights in the material authored and owned by Stokes. Stokes is accordingly entitled to permanent injunctive relief to restrain and enjoin Green's continuing infringing conduct.

23. As a direct and proximate result of Defendant Green's willful and infringing uses of the material authored and owned by Plaintiff, Plaintiff is entitled, at Plaintiff's option, to maximum statutory damages of $150,000 for each copyright infringed or actual damages and the declaration of a constructive trust in the revenues withheld from

6

Plaintiff subsequent to June 2022, the amount of such revenue to be proven at trial, and/or such other amount as may be proper under 17 U.S.C. § 504(c).

24. WHEREFORE, Plaintiff demands judgment in the amount of 70% and 20% of the profits earned from @Mom&Me and @Ellehotmom, respectively, during July through September 2022 and during the first half of October 2022, plus prejudgment and post-judgment interest, attorneys' fees pursuant to 17 U.S.C. § 505, costs, imposition of a constructive trust regarding such profits, and such other equitable and legal relief as the Court may deem just.

**COUNT II**

(BREACH OF CONTRACT AGAINST DEFENDANT LINDA GREEN)

25. Paragraphs 1-15 above are incorporated in this Count II as if fully re-alleged herein.

26. The exchange of messages between the Plaintiff and Defendant, along with the accounting attached hereto as Composite Exhibit A, establishes a course of dealing between the parties that creates a valid enforceable agreement under Florida law.

27. Without cause or explanation, Defendant has failed to pay three-plus months of Plaintiff's share from the OnlyFans Pages -- wrongfully depriving Plaintiff of One Hundred Fifty Thousand to Two Hundred Fifty Thousand Dollars ($150,000 -

$250,000 -- per the Agreement. Green has ignored or rejected repeated attempts by Stokes to collect profits rightfully owed to Stokes.

28. Because Defendant has failed to make monthly payments from July 2022, Defendant has breached the Agreement.

29. As a direct and proximate result of Defendant's breach of the Agreement, Plaintiff has incurred and will continue to incur significant financial loss, loss of goodwill and other irreparable harm.

30. WHEREFORE, Plaintiff demands judgment in the amount of 70% and 20% of the profits earned from Mom&Me and Ellehotmom, respectively, during July through September 2022, as well as pre-judgment and post-judgment interest, attorneys' fees, costs, imposition of a constructive trust, and such other appropriate equitable and legal relief as the Court may deem just.

## COUNT III

### (VIOLATION OF FLORIDA'S STATUTORY RIGHT OF PUBLICITY AGAINST DEFENDANT LINDA GREEN)

31. Paragraphs 1-15 above are incorporated in this Count III as if fully re-alleged herein.

32. Defendant's unauthorized use of Plaintiff's identity for commercial purposes is a violation of Fla. Stat. § 540.08.

33. Defendant's use of Plaintiff's identity was unauthorized because: (1) Plaintiff expressly prohibited the use of her content on Defendant's solo channel; (2) Defendant continues to profit off of Plaintiff's content, after expressly agreeing not to exploit it, and -- adding insult to injury -- has failed to pay over to Plaintiff the substantial share of profits owed to Plaintiff.

34. As such, Green's use of Stokes' identity was and is willful and deliberate.

35. Plaintiff has been damaged by Defendant's unauthorized use of Plaintiff's identity.

36. WHEREFORE, Plaintiff requests that relief be granted in her favor and against Defendant, for actual damages sustained by Plaintiff, exemplary damages, as well as attorneys' fees, costs, and an award of such other and further relief as the Court should find just.

### COUNT IV

### (VIOLATION OF COMMON LAW RIGHT OF PUBLICITY AGAINST DEFENDANT LINDA GREEN)

37. Paragraphs 1-15 above are incorporated in this Count IV as if fully re-alleged herein.

38. Defendant may not publish, print, display, or publicly use for purposes of trade or for any commercial or advertising purposes the name, stage name, portrait, photograph, or other likeness of Plaintiff without Plaintiff's express written or oral consent to every such use.

39. Green's use of Stokes' identity and image was unauthorized because: (1) Stokes consented to Green's use of content that Stokes owned and appeared in only in consideration of the Agreement; (2) With full knowledge of Stokes' lack of consent, Green intentionally published, displayed, and used Stokes' image, likeness, and identity without permission and in violation of the Agreement; (3) Defendant failed to compensate Plaintiff as required by Defendant's unauthorized use of Stokes' image, likeness, and/or identity, but rather wrongfully retained said compensation for Defendant's own use and enjoyment.

40. WHEREFORE, Plaintiff demands judgment in an amount to be determined at trial, as well as attorneys' fees, pre-judgment and post-judgment interest, costs, and such other and further relief as the Court should find just.

## COUNT V

(UNJUST ENRICHMENT AGAINST DEFENDANT LINDA GREEN)

41. Paragraphs 1-15 above are incorporated in this Count V as if fully re-alleged herein.

42. Green has benefitted by Stokes' licensing to Green the exploitation of Stokes' image and identity in return for agreed compensation as aforesaid.

43. Green was aware of the resulting benefit from usage of Stokes' image, likeness and/or identity, and in fact has and continues wrongfully to profit from said usage.

44. It would be inequitable for Green to retain the benefits conferred upon her by using Stokes' image, likeness, and/or identity without paying fair value for such.

45. WHEREFORE, Stokes requests that relief be granted in her favor against Green for damages, including, without limitation, actual damages, as well as attorneys' fees, costs, pre-judgment and post-judgment interest, imposition of a constructive trust, restitution of unlawful proceeds, including Defendant's gross profits, and such other and further relief in law or equity as this Court deems just and proper.

## COUNT VI

### (VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR PRACTICES ACT AGAINST DEFENDANT LINDA GREEN)

46. Paragraphs 1-15 above are incorporated in this Count VI as if fully re-alleged herein.

47. Green, to her benefit, engaged in unfair methods of competition, unconscionable acts or practices, and unfair and deceptive acts or practices alleged herein.

48. Green's unauthorized use of Plaintiff's name, image, and/or likeness in the same commercial space as Plaintiff was, and continues to be, likely to divert subscription and tip revenue from Stokes to Defendant.

49. Green's deceptive actions and misrepresentations are likely to mislead consumers as to the ownership of the content displayed on Green's solo OnlyFans page.

50. These unfair methods of competition, unconscionable practices, and unfair and deceptive acts are prohibited by Fla. Stat. § 501.201 *et seq.*, the Florida Deceptive & Unfair Trade Practices Act ("FDUTPA").

51. It would be inequitable for Green to retain the benefit of deriving revenue from Stokes' own content.

52. The Court has jurisdiction to enjoin these past, current, and future violations of the FDTUPA pursuant to Fla. Stat. § 501.211(1) and is authorized to award actual damages for such violations pursuant to Fla. Stat. § 501.211(2). Stokes is also entitled to recover her attorneys' fees incurred in the prosecution of this action, pursuant to Fla. Stat. § 501.2105.

53. WHEREFORE, Plaintiff requests that relief be granted in her favor against Defendant for damages, including without limitation actual damages, as well as

attorneys' fees, costs, pre-judgment and post-judgment interest, imposition of a constructive trust, restitution of unlawful proceeds, including Defendant's gross profits and such other and further relief in law or equity as this Court deems just and proper.

## COUNT VII

(COMMON LAW CONVERSION AGAINST DEFENDANT LINDA GREEN)

54. Paragraphs 1-15 above are incorporated in this Count VII as if fully re-alleged herein.

55. Defendant has intentionally acted to permanently and/or indefinitely deprive Plaintiff of Plaintiff's share of revenue under the parties' Agreement and is wrongfully in possession of cash profits belonging to Plaintiff.

56. Green, without the consent of Stokes, has converted the above-mentioned Plaintiff's property to her own use.

57. Green has repeatedly been placed on notice of her unwarranted conversion of Plaintiff's assets.

58. Defendant's actions in failing to compensate Plaintiff according to The Agreement and wrongfully profiting from Plaintiff's content constitute Conversion pursuant to Florida common law.

59. WHEREFORE, Plaintiff demands judgment for damages against Defendant, as well as attorneys' fees, interest, costs, and such other and further relief as the Court should find just.

## COUNT VIII

(INJUNCTIVE RELIEF AGAINST DEFENDANT LINDA GREEN)

60. Paragraphs 1-15 above are incorporated in this Count VIII as if fully re-alleged herein.

61. Green has misappropriated Stokes' property and continues to profit from this property within the same digital commercial "space" as Plaintiff utilizes to make her own living.

62. Defendant intentionally and willfully continues to exploit Plaintiff's content, notwithstanding that Plaintiff has expressly prohibited Defendant's use of such content.

63. Defendant's wrongful action and conduct will continue in the future unless enjoined by this Court.

64. Stokes faces immediate and continuous irreparable harm if this Court does not exercise its equitable powers and order injunctive relief, as requested herein.

65. As a result of Green's actions, Stokes is legally presumed to have suffered irreparable injury.

66. Stokes is likely to succeed on the merits of this claim against Defendant Green and has a clear right to the relief she seeks. Defendant clearly breached contractual obligations to Plaintiff under their Agreement, exploited Plaintiff's image and/or likeness without consent, has been unjustly enriched, and has misappropriated Plaintiff's property rights for Defendant's own benefit. Further, the balance of interests weighs heavily in favor of granting the injunctive relief requested by Plaintiff, as Plaintiff has a legitimate business interest in protecting her property rights.

67. Plaintiff has no adequate remedy at law.

68. Public policy and the law of the State of Florida support the granting of injunctive relief, which will serve the public interest.

69. WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant as follows:

    A.    That this Court issue a preliminary and permanent injunction:

    1.    Enjoining Defendant from directly or indirectly using, disclosing, or transmitting Plaintiff's content and/or name, image, and likeness; and

    2.    Enjoining Defendant from directly or indirectly engaging in any conduct that would result in the probable use of Plaintiff's content and/or name, image, and likeness.

## JURY DEMAND

60. Plaintiff demands trial by jury of all issues so triable.

DATED: October 17, 2022

Respectfully submitted:
/Barry Oliver Chase/
Florida Bar Number 83666
Email: Barry@ChaseLawyers.com
Tel: (305) 373-7665
Fax: (305) 373-7668
21 SE 1st Ave., Suite 700
Miami, FL 33131
Lead Attorney for Karley Stokes